IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN L MCDONALD,**                      Case Number  3:10 CV 16

      Petitioner,                      Judge Solomon Oliver, Jr.

       v.                      REPORT AND RECOMMENDATION

**ROBERT WELCH**, Warden,

      Respondent.                      Magistrate Judge James R. Knepp II

### Introduction

*Pro se* Petitioner John McDonald, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden Robert Welch, has filed a motion to dismiss the Petition as untimely (Doc. 7) with attached exhibits (Doc. 7-1).[1]

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons discussed below, the undersigned recommends the motion to dismiss be granted.

### Background

On January 31, 2004, a Hancock County, Ohio grand jury indicted Petitioner on one count of murder with a firearm specification. (Ex. 1, Doc. 7-1, at 1-2). On May 19, 2004, Petitioner entered a plea of guilty to the lesser included offense of involuntary manslaughter with a firearm

---

[1] Respondent's motion to dismiss indicates it was sent by regular mail to Petitioner's prison address. Petitioner has not responded to this motion and he has had over four months to do so.

specification. (Ex. 2, Doc. 7-1, at 3-6). The trial court sentenced Petitioner on June 1, 2004 pursuant to the plea agreement recommendation of an aggregate thirteen years imprisonment – ten years for involuntary manslaughter and three years for the firearm specification. (Ex. 3, Doc. 7-1, at 7-12).

On November 16, 2004, Petitioner filed a *pro se* motion to withdraw his guilty plea under Ohio Criminal Rule 32.1 claiming that withdrawal was necessary "to prevent manifest injustice" and requested a hearing. (Ex. 4, Doc. 7-1, at 13).  On November 19, 2004, the trial court denied the motion, stating Petitioner "fails to set forth any set of facts which would support the Court setting an evidentiary hearing on his motion." (Ex. 5, Doc. 7-1, at 16-17). Plaintiff did not appeal this denial.

On May 20, 2008, Petitioner filed a *pro se* motion for delayed petition for post-conviction relief arguing ineffective assistance of counsel and prosecutorial misconduct and requesting an evidentiary hearing. (Ex. 6, Doc. 7-1, at 19-31). On June 6, 2008, the trial court denied the petition as untimely. (Ex. 7, Doc. 7-1, at 32-34). Petitioner filed a notice of appeal of this decision to the Ohio Third District Court of Appeals on September 10, 2008. (Ex. 8, Doc. 7-1, at 35). Two days later, Petitioner filed a brief presenting three arguments:

1.      "The Hancock County Court of Common Pleas Did Have Jurisdiction To Consider the Defendant's Post Conviction Relief Petition";

2.      "Ineffective Assistance and Deficient Performance of Counsel"; and

3.      "Prosecutorial and Judicial Misconduct of Constitutional Magnitude."

(Ex. 9, Doc. 7-1, at 39-47). The appellate court dismissed the appeal on September 25, 2008, finding it lacked jurisdiction because Petitioner filed his notice of appeal late. (Ex. 10, Doc. 7-1, at 48-49).

While his appeal was pending, on September 12, 2008, Petitioner filed a *pro se* motion for delayed petition for post-conviction relief in the appellate court. (Ex. 11, Doc. 7-1, at 50-96). The

appellate court denied the motion for lack of jurisdiction on September 24, 2008. (Ex. 12, Doc. 7-1, at 97).

On November 10, 2008, Petitioner filed a *pro se* notice of appeal with the Ohio Supreme Court. (Ex. 13, Doc. 7-1, at 98-99). In his memorandum in support of jurisdiction, Petitioner presented the same three arguments he had to the appellate court:

    1.    "The Hancock County Court of Common Pleas did have jurisdiction to consider the Appellant's post-conviction relief petition";

    2.    "Unconstitutionally Ineffective Assistance and Unconstitutionally Deficient Performance of Counsel"; and

    3.    "Prosecutorial and Judicial Misconduct [of] Constitutional Magnitude."

(Ex. 14, Doc. 7-1, at 100-09). The state filed a memorandum in opposition to jurisdiction. (Ex. 15, Doc. 7-1, at 111-18). The Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question on March 5, 2009. (Ex. 16, Doc. 7-1, at 119).

On December 23, 2009,[2] Petitioner filed the instant federal habeas corpus Petition asserting two grounds for relief:

    1.    "Ineffective Assistance of Counsel"; and

    2.    "Prosecutorial misconduct/[a]buse of discretion which violated [P]etitioner['s right[] to a fair trial."

(Doc. 1, at 5-6). Petitioner argues counsel was ineffective for failing to challenge the sufficiency of the indictment and the prosecutor mislead him into pleading guilty.

---

[2] Although the Petition was not physically filed with this Court until January 5, 2010, under extension of the "prison mailbox rule" from *Houston v. Lack*, 487 U.S. 266, 270 (1988), to habeas corpus petitions, December 23, 2009 is deemed the filing date. *See Miller v. Collins*, 305 F.3d 491, 497-98 & n.8 (6th Cir. 2002).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year limitations period for habeas petitions brought by individuals challenging their state-court convictions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became "final" on July 1, 2004 – "the expiration of the time for seeking [direct] review". 28 U.S.C. § 2244(d)(1)(A); *Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010) (explaining that conviction becomes final after the 30 day period for filing an appeal in Ohio Appellate Rule 4(A) expires); Ohio App. R. 4(A) ("A party shall file the notice of appeal . . . within thirty days of the later of entry of the judgment or order appealed."). The statute of limitations began to run on the following day – July 2, 2004. *See* Fed. Civ. R. 6(a)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute of limitations therefore expired on July 2, 2005 absent any tolling.

4

*Tolling*

The limitations period in § 2244 is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). An application is "properly filed" when its delivery and acceptance by the court are in compliance with the state laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

An application for state post-conviction relief or other collateral review "tolls, but does not restart" the limitations period. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). After the limitations period expires, state collateral proceedings cannot affect the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[A] motion for state post-conviction review that is filed following the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled."); *see also Thompson v. Chandler*, 55 F. App'x 758, 759 (6th Cir. 2003) ("[Petitioner's] § 2254 petition would be untimely even if the period were tolled by his state post-conviction action, as that action was filed more than six months after the grace period expired.").

*Statutory Tolling*

Petitioner filed three motions between the time his conviction became final under § 2244(d)(1) and the time he filed the instant habeas Petition.

Petitioner's motion to withdraw his guilty plea tolled the statute of limitations from the date of its filing – November 16, 2004 – through the date the trial court denied the motion – November 19, 2004. *Colwell v. Tanner*, 79 F. App'x 89, 91 (6th Cir. 2003); *Thompson v. Chandler*, 36 F. App'x 783, 785 (6th Cir. 2002). Therefore, the statute was tolled for three days while the motion was pending and ran on July 5, 2005 absent any other tolling.

5

Petitioner's two motions for post-conviction relief under Ohio Revised Code § 2953.21 do not toll the statute of limitations because both motions were filed *after* the statute ran – on May 20 and September 12, 2008. *See, e.g.*, *Jurado,* 337 F.3d at 641 (statute cannot be tolled when "there is no period remaining to be tolled").

*Equitable Tolling*

The form petition Petitioner completed in this case contains the question: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (Doc. 1, at 13). Petitioner did not complete this section of the form and has not made any argument for equitable tolling. Because Petitioner is *pro se,* the Petition will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief" (internal quotations omitted)).

The Supreme Court recently held the statute of limitations for habeas petitioners is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010). "[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

6

A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: 1) he has pursued his rights diligently; and 2) some extraordinary circumstance prevented timely filing. *See Holland*, 130 S. Ct. at 2562; *Lawrence v. Florida* 549 U.S. 327, 335 (2007). Petitioner bears the burden of establishing entitlement to equitable tolling. *Jurado*, 337 F.3d at 642 (explaining a habeas petitioner "bears the burden of demonstrating that he is entitled to equitable tolling" and "[t]he doctrine is used sparingly by federal courts").

Petitioner has not shown entitlement to equitable tolling in this case. A lack of legal training, poor education, and even illiteracy do not provide reason to toll the statute of limitations or excuse late filing. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Sixth Circuit has also "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, even if Petitioner lacked actual knowledge of the timely filing requirement, he had constructive knowledge through § 2244(d) itself. *Id.* at 402-03.

Petitioner filed his habeas Petition on December 23, 2009 – over four years after the statute of limitations ran. His circumstances do not show diligent pursuit of his rights or any extraordinary situation to excuse delay.

### Conclusion and Recommendation

Following review of Respondent's Motion to Dismiss (Doc. 7), and giving Petitioner every benefit of liberal construction, the Court finds the Petition untimely and equitable tolling not warranted. Petitioner has not demonstrated any cause to hesitate due to the probability of actual innocence. Further, there has been no demonstrated need for an evidentiary hearing. The

undersigned therefore recommends the motion to dismiss be granted and the case dismissed for untimeliness of the Petition.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).