UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L MCDONALD, | ) | Case No.: 3:10 CV 16 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ROBERT WELCH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

*Pro se* Petitioner John McDonald ("McDonald"), a prisoner in state custody, filed the above-captioned Petition seeking a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On June 1, 2010, Respondent Robert Welch ("Respondent") filed his Motion to Dismiss the Petition. (ECF No. 7.) For the following reasons, the court grants Respondent's Motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

On May 19, 2004, McDonald entered a plea of guilty to the lesser included offense of involuntary manslaughter with a firearm. On June 1, 2004, the trial court sentenced McDonald to an aggregated thirteen years of imprisonment. (*Id.*) On November 16, 2004, McDonald filed a *pro se* motion to withdraw his guilty plea and request a hearing. (*Id.*) On November 19, 2004, the trial court denied McDonald's motion. (*Id.*) McDonald did not appeal his denial. On May 20, 2008, McDonald filed another *pro se* motion for a delayed petition for post-conviction relief and, again, requested a hearing. (*Id.*) On June 6, 2008, the trial court denied the motion as untimely. (*Id.*)

On September 10, 2008, McDonald filed a notice of appeal of the June 6 decision to the Ohio Third District Court of Appeals. (ECF No. 7.) Two days later, on September 12, 2008, McDonald filed his brief in support of his notice of appeal and presented the following three arguments for relief:

> 1. "The Hancock County Court of Common Pleas Did Have Jurisdiction To Consider the Defendant's Post Conviction Relief Petition";
>
> 2. "Ineffective Assistance and Deficient Performance of Counsel"; and
>
> 3. "Prosecutorial and Judicial Misconduct of Constitutional Magnitude."

(ECF No. 7-1, p. 39-47.) On the very same day, McDonald also filed a *pro se* motion for delayed petition for post-conviction relief in the appellate court. (ECF No. 8.) On September 24, 2008, the court denied McDonald's motion for delayed petition for post-conviction relief because it lacked jurisdiction. (*Id*.) One day later, on September 25, 2008, the appellate court dismissed McDonald's appeal as untimely. (*Id*.)

On November 10, 2008, McDonald filed a *pro se* notice of appeal in the Ohio Supreme Court. (ECF No. 8.) In his brief to support his appeal, McDonald presented the same three arguments he made to the appellate court. (*Id*.) On December 4, 2008, the state of Ohio filed its opposition to jurisdiction. (*Id*.) On March 5, 2009, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (*Id*.)

On December 23, 2009, McDonald filed this petition for habeas corpus in this court and asserted two grounds for relief:

> 1. "Ineffective Assistance of Counsel"; and
>
> 2. "Prosecutorial misconduct/[a]buse of discretion which violated

>     [P]etitioner[']s right[] to a fair trial."

(ECF No. 1, p. 5-6.)

This court referred the case to Magistrate Judge James S. Gallas. (ECF No. 3.) On June 1, 2010, Respondent filed his Motion to Dismiss the Petition. (ECF No. 7.) Thereafter, the case was reassigned to Magistrate Judge James R. Knepp, II ("Magistrate Judge Knepp") on August 13, 2010. On January 20, 2011, Magistrate Judge Knepp submitted his Report and Recommendation, recommending that judgment be entered in favor of Respondent. (ECF No. 8.) Although the court granted McDonald's January 31, 2011, motion for extension to file objections to the Report and Recommendation until March 3, 2011, as of this date, McDonald has not filed his objections. (ECF No. 9.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides a district court's standard of review over a magistrate judge's report and recommendation. Rule 72(b)'s Advisory Committee Notes state that "[w]hen no timely objection [to the report and recommendation] is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." If parties are provided clear notice of the rule regarding filing of objections to a report and recommendation and are given the opportunity to seek an extension to file their objections, than "the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment." *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

## III. LEGAL ANALYSIS

Because McDonald has not filed his objections to Magistrate Judge Knepp's Report and Recommendation, he has waived his right to appeal the recommendations submitted therein. *United*

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Furthermore, the court finds the recommendations of Magistrate Judge Knepp that the Petition be dismissed to be well-taken.

Magistrate Judge Knepp recommended that Respondent's Motion to Dismiss be granted due to the untimeliness of McDonald's Petition. (ECF No. 8.) Magistrate Judge Knepp determined that, for McDonald, the statute of limitations began to run when his conviction became final on July 1, 2004. (*Id*.) Because the statute of limitations for a federal habeas petition is one year, *see* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2244(d), McDonald's Petition became untimely on July 2, 2005, absent any tolling. (*Id*.) The statute of limitations period can be tolled during the pendency of a properly filed application for state post-conviction relief, 28 U.S.C. §2244(d)(2), or for equitable reasons, *see Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). Magistrate Judge Knepp determined that McDonald's statute of limitations period was only tolled for three days during the pendency of his motion to withdraw his guilty plea, and thus expired on July 5, 2005. (*Id*.) He also determined that McDonald did not qualify for any further tolling of his statute of limitations period. (*Id*.) McDonald's other two motions for post-conviction relief – filed May 20 and September 12, 2008 respectively – were after the expiration of the statute of limitations. (*Id*.) Finally, McDonald did not show that he met the two requirements for equitable tolling: (1) that he pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 335 (2007). Magistrate Judge Knepp recognized that McDonald was *pro se* and, as a result, any argument within his Petition going toward equitable tolling should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Magistrate Judge Knepp properly determined that McDonald is not entitled to equitable tolling because McDonald provided no arguments toward equitable tolling in his Petition. (ECF No. 8.) Further, Magistrate Judge Kneep

concluded that McDonald's decision to wait four years after his statute of limitations period expired to file the Petition "does not show a diligent pursuit of his rights or any extraordinary situation to excuse delay." (*Id*., p 7.)

### IV. CONCLUSION

The court finds, after a review of the Report and Recommendation and all relevant documents, that Magistrate Judge Knepp's conclusions are fully supported by the record and authoritative case law. (ECF No. 8.) The court adopts the Report and Recommendation in its entirety and grants Respondent's Motion to Dismiss McDonald's Petition. (ECF No. 7.) The court further certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 29, 2011